**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Michael P. Swirniuk** | Social Security number or ITIN **xxx–xx–3419** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | **Joleyn F. Swirniuk** | Social Security number or ITIN **xxx–xx–1823** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **District of New Jersey**

Case number:  **16–20537–ABA**

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael P. Swirniuk                          Joleyn F. Swirniuk

9/16/16                                      **By the court:**  Andrew B. Altenburg Jr.
                                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

In re:
Michael P. Swirniuk
Joleyn F. Swirniuk
    Debtors

Case No. 16-20537-ABA
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0312-1　　　User: admin　　　Page 1 of 1　　　Date Rcvd: Sep 16, 2016
　　　　　　　　　　　　　Form ID: 318　　　Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 18, 2016.
```
db/jdb         #+Michael P. Swirniuk,    Joleyn F. Swirniuk,    21 Jaimi Dr.,    Malaga, NJ 08328-4145
516207853      +Janine M. Lloyd, Esq.,    Attorney for TD Bank NA,    PO Box 539,    Westmont, NJ 08108-0539
516207854      +Kivitz McKeever Lee, PC,    Attorneys for Hudson City Savings Bank,    216 Haddon Ave., Ste 406,
                 Westmont, NJ 08108-2812
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 16 2016 23:36:16      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 16 2016 23:36:12      United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516207852      +E-mail/Text: camanagement@mtb.com Sep 16 2016 23:35:57      Hudson City Savings Bank, FSB,
                 80 Century Road,   Paramus, NJ 07652-1478
516207855       EDI: MID8.COM Sep 16 2016 23:18:00      Midland Funding LLC,   Assignee of Citibank, N.A.,
                 Attn: Midland Credit Management,   PO Box 60578,   Los Angeles, CA 90060-0578
516207856       EDI: RMSC.COM Sep 16 2016 23:13:00      Synchrony Bank,   Attn: Bankruptcy Dept,   PO Box 965061,
                 Orlando, FL 32896-5061
516207857      +EDI: TDBANKNORTH.COM Sep 16 2016 23:18:00      TD Bank, N.A.,   1701 Route 70,
                 Cherry Hill, NJ 08003-2335
                                                                                               TOTAL: 6

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2016　　　　　　　　　　　　　　　　　Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 16, 2016 at the address(es) listed below:
```
              Denise E. Carlon    on behalf of Creditor    MANUFACTURERS AND TRADERS TRUST COMPANY ALSO KNOWN
               ASM&T BANK SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK, FSB dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Ira  Deiches     on behalf of Debtor Michael P. Swirniuk ideiches@deicheslaw.com
              Ira  Deiches     on behalf of Joint Debtor Joleyn F. Swirniuk ideiches@deicheslaw.com
              John W. Hargrave     on behalf of Trustee John W. Hargrave trustee@hargravelaw.com,
               jhargrave@ecf.epiqsystems.com;jwh@trustesolutions.net
              John W. Hargrave     trustee@hargravelaw.com,   jhargrave@ecf.epiqsystems.com;jwh@trustesolutions.net
                                                                                              TOTAL: 5
```